**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARGOT HYLAND** | : | **CIVIL ACTION** |
| **3014 Crescent Avenue** | : | |
| **Lafayette Hill, PA 19444** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **NO.** |
| | : | |
| **AMAZON.COM, INC.** | : | |
| **c/o CORPORATION SERVICE COMPANY** | : | |
| **251 Little Falls Drive** | : | |
| **Wilmington, DE 19808** | : | |
| | : | |
| **and** | : | |
| | : | |
| **AMAZON.COM SALES, INC.,** | : | |
| **c/o CORPORATION SERVICE COMPANY** | : | |
| **251 Little Falls Drive** | : | |
| **Wilmington, DE 19808** | : | |
| | : | |
| **and** | : | |
| | : | |
| **AMAZON.COM SERVICES, LLC** | : | |
| **c/o CORPORATION SERVICE COMPANY** | : | |
| **251 Little Falls Drive** | : | |
| **Wilmington, DE 19808** | : | |
| **Defendants** | : | |

## PRODUCT LIABILITY COMPLAINT

### Par ti es

1.     Plaintiff, Margot Hyland, is an adult residing at 3014 Crescent Avenue, Lafayette

Hill, PA 19444.

2.     Defendant, Amazon.com, Inc, is a Delaware Corporation with an address

authorized to accept service at Corporation Service Company, 251 Little Falls Drive,

Wilmington, DE 19808

3.     Defendant, Amazon.com Sales, Inc. is a Delaware Corporation with an

address authorized to accept service at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

4.    Defendant, Amazon.com Services, LLC is a Delaware Limited Liability Corporation with an address authorized to accept service at Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

5.    The defendants are collectively herein referred to as "Amazon Defendants".

## Jurisdiction and Venue

6.    This Court has jurisdiction over this case under 28 U.S.C. § 1332 in that Plaintiff is diverse from all Defendants and the amount in controversy exceeds $75,000.

7.    Venue is proper in this district under 28 U.S.C § 1391 (a) and (b) in that Defendants regularly engaged in business in this district and throughout the United States and the item at issue in this lawsuit was purchased and used in this Jurisdiction.

## Operative Facts

8.    At all times material hereto the Amazon Defendants were engaged in the business of producing, selling, manufacturing, designing, distributing and/or providing for the use of consumers certain products, in particular, Toe Topper Half Socks.

9.    On July 26, 2021 plaintiff underwent surgery on her left foot to correct a hammer toe and remove a foreign body that had been left from a previous surgery.

10.    As a result of the surgery, it was necessary for plaintiff to purchase Toe Topper Half Socks .

11.    On August 10, 2021, plaintiff purchased a pack of 4 Pairs Toe Topper Half Socks

from the web site amazon.com.

12.     Said Toe Topper Half Socks were produced, sold, distributed, manufactured, designed and/or provided for the use of consumers by the Amazon Defendants.

13.     Said socks included a rubber band to assure it would remain on the foot as said sock only covered half of the foot.

14.     Upon receiving said socks, plaintiff placed the sock on her left foot.

15.     Shortly thereafter, plaintiff began experiencing pain and an electrical burning sensation in her left foot along her toes.

16.     On August 16, 2021, plaintiff had a scheduled follow up appointment with her surgeon, John J. Doolan, DPM.

17.     Dr. Doolan removed plaintiff's sock and discovered the rubber band was tightly wrapped around the distal aspect of plaintiff's left second toe.

18.     Dr. Doolan advised that the rubber band caused ischemic changes which resulted in the distal aspect of the second toe on the left foot becoming gangrenous and non-viable.

19.     As a result of these ischemic changes, Dr. Doolan advised that it would be necessary to amputate the second toe of plaintiff's left foot.

20.     On August 23, 2021, Dr. Doolan performed the amputation of the left toe as hereinbefore set forth.

21.     The Toe Topper Half Socks that resulted in necessity of amputating plaintiff's left toe as hereinbefore set forth were defective and unreasonably dangerous as a result of the inclusion of the rubber band in the design.

22.     The Toe Topper Half Socks that resulted in necessity of amputating plaintiff's left toe

as hereinbefore set forth  reached plaintiff without substantial change from the condition it was in when it left the control of defendants.

23.    Plaintiff was a foreseeable and intended user of the product.

24.    The product that injured the plaintiff left the control of defendants while lacking elements necessary to make it safe for its intended use.

25.    As a result of the defective and unreasonably dangerous condition of the Toe Topper Half Sock as herein set forth, plaintiff has suffered the amputation of the second toe of left foot. pain, discomfort and disability in the area of the retained needle as well as pain along the lateral aspect of the foot and the medial aspect of the rear foot and continued pain, discomfort and disability.

26.    As a result of the defective and unreasonably dangerous condition of the Toe Topper Half Sock as herein set forth, plaintiff is permanently harmed including amputation of the second toe on her left foot.

27.    As a result of the defective and unreasonably dangerous condition of the Toe Topper Half Sock as herein set forth and injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medical treatment in and about endeavouring to treat and cure herself of her injuries.

28.    As a result of the defective and unreasonably dangerous condition of the Toe Topper Half Sock as herein set forth and injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to her daily duties, functions and occupation, all to her great damage and loss.

29.    As a result of the defective and unreasonably dangerous condition of the Toe Topper Half Sock as herein set forth and injuries sustained,  plaintiff has been prevented from attending to

her usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to her great detriment and loss.

## COUNT I
## STRICT LIABILITY

30.    Plaintiff incorporates paragraphs 1 through 29 of the Complaint as if set out here in full.

31.    The Toe Topper Half Socks were produced, sold, distributed, manufactured, designed and/or provided for the use of consumers, by the Amazon Defendants, were defective and unreasonably dangerous to foreseeable users and consumers, including plaintiff, in one or more of the following ways:

   a.    The Toe Topper Half Socks were defectively designed;

   b.    The Toe Topper Half Socks were defectively manufactured;

   c.    The Toe Topper Half Socks were defective and unreasonably dangerous in the absence of adequate warnings or instructions, and the Amazon Defendants failed to provide such warnings or instructions;

   d.    The Amazon Defendants specifically failed to warn of the presence of the rubber band;

   e.    The Amazon Defendants failed to adequately test the Toe Topper Half Socks

32.    At the time it was sold to plaintiff, the Toe Topper Half Socks were in the same or similar condition as when it left the possession of the Amazon defendants.

33.    The Toe Topper Half Socks were not misused or materially altered.

34.    The Toe Topper Half Socks were used in a way that was foreseeable to defendants.

35.    As a direct and proximate cause of the defective and unreasonably dangerous condition of the Toe Topper Half Socks, plaintiff suffered the injuries and damages as set forth in paragraphs 25 through 29.

WHEREFORE, plaintiff, Margot Hyland, demands judgment against defendants, Amazon.com, Inc, Amazon.com Sales, Inc. and Amazon.com Services, LLC for compensatory and punitive damages in excess of $75,000, plus interest and costs.

## COUNT II
## IMPLIED WARRANTY OF MERCHANTABILITY

36.    Plaintiff incorporates paragraphs 1 through 35 of the Complaint as if set out here in full.

37.    The Amazon Defendants warranted that the Toe Topper Half Socks were merchantable and fit for the ordinary purposes for which it was intended.

38.    Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

39.    The Toe Topper Half Socks was not merchantable because of the defect in design which included the rubber band that could wrap around the toe or foot and was not fit for its ordinary purpose because there was no way for the consumer to appreciate the danger presented by an product one would believe presented no danger whatsoever but, in fact, could result in catastrophic injury including amputation as well as other complications.

40.    Plaintiff reasonably relied on Defendants' implied representations that Toe Topper Half Socks were merchantable and fit for the ordinary purposes for which it was intended.

41.    As a direct and proximate cause of the defective and unreasonably dangerous condition of the Toe Topper Half Socks, plaintiff suffered the injuries and damages as set forth

in paragraphs 25 through 29.

WHEREFORE, plaintiff, Margot Hyland, demands judgment against defendants, Amazon.com, Inc, Amazon.com Sales, Inc. and Amazon.com Services, LLC for compensatory and punitive damages in excess of $75,000, plus interest and costs.

**COUNT III**
**IMPLIED WARRANTY OF FITNESS FOR THE PURPOSE**

42.    Plaintiff incorporates paragraphs 1 through 41 of the Complaint as if set out here in full.

43.    Defendants sold the Toe Topper Half Socks with an implied warranty that they were fit for the particular purpose of protecting the foot and particularly protecting the foot after surgery such as that which plaintiff underwent.

44.    Members of the public, including plaintiff, were intended third party beneficiaries of the warranty.

44.    The Toe Topper Half Socks was not fit for the particular purpose because of the defect in design which included rubber bands that could wrap around the toe or foot and was not fit for its ordinary purpose, because there was no way for the consumer to appreciate the danger presented by an product one would believe presented no danger whatsoever but, in fact, could result in catastrophic injury including amputation as well as other complications.

45.    Plaintiff reasonably relied on defendants' implied representations that the Toe Topper Half Socks were fit for the particular purpose of cervical fusions.

46.    As a direct and proximate cause of the defective and unreasonably dangerous condition of the Toe Topper Half Socks, plaintiff suffered the injuries and damages as set forth in paragraphs 25 through 29.

WHEREFORE, plaintiff, Margot Hyland, demands judgment against defendants, Amazon.com, Inc, Amazon.com Sales, Inc. and Amazon.com Services, LLC for compensatory and punitive damages in excess of $75,000, plus interest and costs.

THE RADMORE FIRM, LLC

BY:  \s\ *James R. Radmore*

JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiff